PATRICK COLLINS AND JAMES COLLINS, PLAINTIFFS IN ERROR, v. PATRICK RODDY, DEFENDANT IN ERROR.

**Vendor and Vendee:** TAXES: FORFEITURE. C. purchased certain real estate of R., and agreed to pay the taxes thereon, and interest on the purchase price annually. The contract contained a provision that on "failure to keep taxes and interest paid for the space of two years, then this contract to become null and void and at an end." *Held,* That the purchaser had two years from the time the interest became due before the vendor could insist on a forfeiture.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*Harwood, Ames & Kelly,* for plaintiffs in error.

*Watson & Wodehouse,* for defendant in error.

MAXWELL, J.

The defendant brought an action of ejectment against the plaintiffs to recover the possession of certain real estate in Otoe county, and judgment was rendered in his favor.

It appears from the record that the plaintiffs were in possession of the premises in controversy under the following contract: "This agreement and contract of sale, made this 9th day of July, 1881, between Patrick Roddy, late of Ontario, Canada, now of Otoe county, Nebraska, of the first part, and Patrick Collins and James Collins of the second part, witnesseth: That in consideration of one dollar in hand paid, and of the conditions herein set forth, said Patrick Roddy has bargained and sold to second parties for the full sum of four thousand dollars, the following lands and premises, to-wit: The west one-half ($\frac{1}{2}$) of section twenty-three (23), in township nine (9) north,

of range nine (9) east of the sixth principal meridian, in Otoe county, Nebraska. Second parties are to pay the said $4,000 purchase money within ten years from this date. Roddy to receive payments of said purchase money at any and all times when tendered by second parties, but he is not obliged to receive any payment of less than three hundred dollars. Second parties are to pay interest on said four thousand dollars from date of this contract until paid at nine per cent per annum, and all interest to be paid annually. At any time when two thousand dollars is paid first party is to make, execute, and deliver to second parties a good warranty deed, transferring to them the land sold clear of incumbrances excepting taxes after 1880, and take a mortgage on said land for the rest. Second parties are to pay all taxes on said land after the year 1881, and they are to get possession of the land on March 1st, 1882. Should second parties fail at any time to keep taxes and interest paid for the space of *two years* then this contract to become null and void and at an end, and first party entitled to take full possession of said lands."

This contract was duly signed by both parties. The testimony shows that the plaintiffs took possession of the premises in question in the spring of 1882, and cultivated and improved the same; that they set out an orchard on the land at a cost of more than $60; that they built a board and wire fence thereon at a cost of nearly $50; that they broke up twenty acres, at a cost of $50; and dug a well and put up a wind-mill to pump water, at an expense of $125. It also appears that on January 27, 1883, they paid the taxes on the land for the year 1882. The testimony tends to show that in July, 1883, apparently after the 9th, but before the 27th, the date not being given, the defendant was pressing the plaintiffs for the interest then due, and sent an attorney to endeavor to make an arrangement for its payment, and a time was fixed when the plaintiffs and defendant were to meet to consider the mat-

ter; but before the time fixed had elapsed this action was brought.    The plaintiffs thereupon tendered the defendant $840 in gold, which was refused, and the same was paid into the district court of Otoe county for the use of the defendant.

It will be observed that the contract requires the interest to be paid annually, and provides that if the second party fails to keep taxes and interest paid for the space of two years—not two years' interest and taxes—then the contract to be null and void.    The contract is dated July 9, 1881, hence the first payment of interest would be due on the 9th of July, 1882.    By the terms of the contract the plaintiffs had two years from this time in which to make payment; nor could the defendant declare a forfeiture before the expiration of that time.    There was doubtless a good reason for this provision—as that the land was to a considerable extent uncultivated and unproductive.    But whatever the motive, it is clear that the contract was not subject to forfeiture when this action was commenced.    The action therefore is premature.    The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.